IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC BAGBY,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE MARGARET A. NAGLE, et al.,<br><br>    Defendants.<br>_____/ | No. C 14-01896 DMR (PR)<br><br>**ORDER TO SHOW CAUSE** |

    Plaintiff, a state prisoner and frequent litigant in federal court, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He also seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dkt. 6.

    Plaintiff has consented to magistrate judge jurisdiction, dkt. 1 at 4, and this matter has been assigned to the undersigned Magistrate Judge.

    The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. *See id.* Dismissal of an action under § 1915(g) should only occur

1  when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant
2  information, the district court determines that the action was dismissed because it was frivolous,
3  malicious or failed to state a claim." *Id.*

4      *Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g),
5  by either the district court or the defendants, but also requires the prisoner to bear the ultimate
6  burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly
7  allows the Court to raise the § 1915(g) problem *sua sponte*, but requires the Court to notify the
8  prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner
9  an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal
10 under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g),
11 but he still may pursue his claims if he pays the full filing fee at the outset of the action.

12     A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveals that
13 Plaintiff has had at least three such cases dismissed on the ground that they were frivolous,
14 malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice
15 that the Court believes the following dismissals may be counted as dismissals for purposes of
16 § 1915(g): (1) *Bagby v. President of Bank of America*, No. 13-0225 (D.C. Feb. 22, 2013) (civil
17 rights action dismissed for failure to state a claim upon which relief may be granted); (2) *Bagby v.*
18 *Thaler*, No. 2:13-CV-0012 (N.D. Tex. Feb. 13, 2013) (same); and (3) *Bagby v. Thaler*, No. 12-2001
19 (D.C. Dec. 14, 2012) (civil rights complaint dismissed as frivolous). Plaintiff therefore may proceed
20 *in forma pauperis* only if he is seeking relief from a danger of serious physical injury which is
21 "imminent" at the time of filing. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)
22 (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147
23 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). He is not.
24 Plaintiff's allegations, which seem to concern action by court officials, present no facts relevant to
25 his conditions of incarceration and do not establish that physical injury is imminent. Dkt. 1 at 3.

26     In light of these dismissals, and because Plaintiff does not appear to be under imminent
27 danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing no later than
28 **twenty-eight (28) days** from the date of this Order why *in forma pauperis* should not be denied and

2

this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If Plaintiff is so inclined, he may avoid dismissal by paying the $400.00 filing fee. In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks *in forma pauperis* status.

**Failure to file a timely response or failure to pay the full filing fee in will result in the dismissal of this action without further notice to Plaintiff.**

IT IS SO ORDERED.

Dated: June 16, 2014

DONNA M. RYU
United States Magistrate Judge

P:\PRO-SE\DMR\CR.14\Bagby1896.OSC-1915(g).wpd     3