IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CEDRIC BAGBY,

    Plaintiff,

v.

JUDGE MARGARET A. NAGLE, et al.,

    Defendants.

No. C 14-01896 DMR (PR)

**ORDER OF DISMISSAL**

    Plaintiff, a state prisoner and frequent litigant in federal court, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He also seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dkt. 6.

    Plaintiff has consented to magistrate judge jurisdiction, dkt. 1 at 4, and this matter has been assigned to the undersigned Magistrate Judge.

    On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was enacted and became effective. The PLRA provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The only exception to this bar is when a plaintiff is under imminent danger of serious physical injury. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

    In an Order dated June 16, 2014, the Court *sua sponte* raised the § 1915(g) problem in the instant case and notified Plaintiff of the earlier dismissals it considered to support a § 1915(g)

dismissal. *See Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005) (allowing the plaintiff an opportunity to be heard on the matter before dismissing the action under § 1915(g)). The Court determined that Plaintiff has had three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g.*, *Bagby v. President of Bank of America*, No. 13-0225 (D.C. Feb. 22, 2013) (civil rights action dismissed for failure to state a claim upon which relief may be granted); *Bagby v. Thaler*, No. 2:13-CV-0012 (N.D. Tex. Feb. 13, 2013) (same); *Bagby v. Thaler*, No. 12-2001 (D.C. Dec. 14, 2012) (civil rights complaint dismissed as frivolous). Because Plaintiff has had three prior dismissals and is not under imminent danger of serious physical injury, the Court ordered Plaintiff to show cause why the three aforementioned dismissals should not be counted as "strikes" to support a § 1915(g) dismissal. The Court informed Plaintiff that if he failed to file a response to the order to show cause within twenty-eight days, then this action would be dismissed without further notice to Plaintiff.

More than twenty-eight days have passed, and Plaintiff has not responded to the Court's Order or otherwise communicated with the Court. Accordingly, this action is DISMISSED. *See* Fed. R. Civ. P. 41(b). The dismissal is without prejudice to Plaintiff's refiling his claims in a new case in which he pays the filing fee. *See* 28 U.S.C. § 1915(g).

Plaintiff's request to proceed *in forma pauperis* is DENIED. Dkt. 6. The Clerk of Court shall enter judgment, terminate all pending motions, and close the file.

IT IS SO ORDERED.

Dated: July 24, 2014

DONNA M. RYU
United States Magistrate Judge

P:\PRO-SE\DMR\CR.14\Bagby1896.DISM-1915(g).wpd        2